# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KATHLEEN GUZMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | No. 12-cv-12208 (FDS) |
| NEW ENGLAND COMPOUNDING | ) | |
| PHARMACY, INC. d/b/a NEW ENGLAND | ) | |
| COMPOUNDING CENTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE AN AMENDED REMOVAL PETITION OR, IN THE ALTERNATIVE, SUBSTITUTED MOTION TO REMAND

Pursuant to 28 U.S.C. §§ 1332(d)(11) and 1447, the Plaintiff, Kathleen Guzman, respectfully opposes the request of the Defendant, New England Compounding Pharmacy, Inc., d/b/a New England Compounding Center ("NECC"), to amend its Notice of Removal from the Superior Court for Middlesex County, Commonwealth of Massachusetts because NECC's newly proffered grounds for removal are improper and any amendment to the Notice of Removal is therefore futile. See Edsall v. Assumption Coll., 367 F. Supp. 2d 72, 86 (D. Mass. 2005) ("Futility of the proposed amendment is, however, a basis for denial of a motion to amend.").[1] Alternatively, if the Court grants leave to amend, inasmuch as the arguments in this motion are identical as to why remand is proper, the Plaintiff respectfully moves this Court to remand this case to the Superior Court.  NECC previously failed to persuade this Court in other similar cases

---

[1] Although NECC could have "freely" amended its removal petition within 30 days of service of the Complaint, see N. Ill. Gas Co. v. Airco Indus. Gases, A Div of Airco, Inc., 676 F.d 270 (7th Cir. 1982), NECC has waived this right by requesting leave from this Court. See Coventry First, LLC v. McCarty, 605 F.3d 865, 869-70 (11th Cir. 2010) ("We conclude that, in [filing a motion to amend], [plaintiff] waived the right to amend as a matter of course and it invited the District Court to review its proposed amendments. [Plaintiff] cannot then complain that the District Court accepted this invitation.").

that removal is proper on the basis of federal question jurisdiction or complete diversity of

citizenship.  See *Defendant's Memorandum of Law in Support of its Motion to Extend Deadlines*

*for Opposing Plaintiff's Motion to Remand and for Leave to Amend it's [sic] Notice of Removal*,

¶ 5.  NECC's latest attempt to justify its removal is equally as frivolous and should be rejected

by this Court.[2]

NECC now asserts that this action qualifies for removal as a "mass action" under 28

U.S.C. § 1332(d), which expressly applies only to cases "in which monetary relief claims of 100

or more persons are proposed to be tried jointly …." 28 U.S.C. § 1332(d)(11)(B)(1).  This case

is not a "mass action" because it involves the claims of only a single plaintiff who is not seeking

to have her claims tried jointly with those of anyone else.

Nevertheless, NECC makes two arguments to justify removal: (1) that the Plaintiff's

claim for appointment of a receiver, which would collaterally benefit all claimants and creditors,

represents a claim for monetary relief by 100 or more persons; and (2) that because the Plaintiff's

attorney represents hundreds of other individuals who plan to file separate lawsuits, this

particular action somehow must qualify under the statute.  Both of these arguments fail.  As to

the first argument, the Plaintiff's claim for a receiver cannot represent "monetary relief claims of

100 or more persons" because a request for a receiver is an interim equitable remedy, not a claim

for monetary relief.  Regarding NECC's second argument, the fact that the Plaintiff's attorneys

also represent others who plan to file separate claims for relief is irrelevant because this

particular action involves the "monetary relief claims" of only one plaintiff.  NECC's arguments

simply have no support whatsoever from the language of the statute or the case law.  By all

---

[2]    NECC's proposed Amended Notice of Removal, attached to its motion, appears to abandon its former federal question and diversity jurisdiction claims and now argues that removal jurisdiction exists solely under 28 U.S.C. 1332(d)(11).  To the extent NECC continues to assert complete diversity of citizenship or federal-question jurisdiction, the Plaintiff objects for the reasons given in her initial Motion to Remand and hereby incorporates the arguments made therein.

reasonable appearances to the Plaintiff, NECC filed its Amended Notice of Removal for no other reason than to continue to delay the proceedings in state court. Accordingly, the Plaintiff respectfully requests that this Court deny NECC leave to amend and expeditiously grant her Motion to Remand so that she may pursue her claims in state court, as is her right. In support of this request, Plaintiff states as follows:

1.      This matter arises from injuries suffered by the Plaintiff as a result of fungal meningitis that she contracted after being injected by a steroid compounded by NECC.

2.      On November 19, 2012, the Plaintiff filed a three-count complaint in Massachusetts Superior Court alleging violations of Massachusetts tort law and seeking state law remedies. Count I alleges negligence; Count II alleges a breach of the implied warranty of merchantability; and Count III requests the appointment of a receiver to marshal and secure the assets of NECC during the litigation. The Complaint does not contain any class allegations and is not brought on behalf of anyone except the Plaintiff. A copy of the Complaint is attached hereto as Exhibit 1.

3.      Along with the Complaint, the Plaintiff filed motions for appointment of a receiver, expedited discovery, and for a short order of notice. After an *ex parte* hearing on November 19, 2012, the Superior Court granted the Motion for Short Order of Notice requiring NECC to appear at a hearing on December 3, 2012 to show cause as to why a receiver should not be appointed. After the process server appointed by the Superior Court could not locate any of the principals of NECC and counsel for NECC refused to accept service, the Superior Court issued an order on November 21, 2012 permitting service on NECC by certified mail. In connection with the hearing on the motion for a receiver, the Plaintiff also served a subpoena on Barry Cadden, a principal of NECC, on November 27, 2012.

4.      Two days later, on November 29, 2012, NECC filed a Notice of Removal to this Court.  NECC initially sought removal under both federal-question jurisdiction and complete diversity of citizenship of the parties.  Neither of NECC's asserted grounds for removal were proper and the Plaintiff promptly filed a motion to remand.  After this Court rejected NECC's similar arguments for removal in two other cases, NECC filed a motion for leave to amend its removal notice to assert a completely new ground.  NECC's latest assertion is, however, just as frivolous as those already rejected by the Court.

5.      Pursuant to 28 U.S.C. § 1441, a defendant may only remove when the district court could have exercised original jurisdiction over an action.  Fayard v. Ne. Vehicle Servs., 533 F.3d 42, 45 (1st. Cir. 2008).  The Defendant has the burden of proving the existence of federal jurisdiction and that removal is proper.  In re Pharm. Indus. Average Wholesale Price Litig., 457 F. Supp. 2d 65, 70 (D. Mass. 2006).  Furthermore, "the removal statute should be strictly construed, and any doubts about the propriety of removal should be construed against the party seeking removal."  Id.

6.      A simple review of the statutes governing "mass action" jurisdiction demonstrates that this case does not even remotely qualify for removal.  The provisions of 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"),[3] permit removal of certain class action lawsuits that otherwise would not qualify for federal jurisdiction.  See 28 U.S.C. § 1332(d) (altering traditional diversity and amount-in-controversy requirements).  Section 1332(d)(11) extends federal removal jurisdiction to also include so-called "mass actions," which otherwise would not qualify as class actions.  28 U.S.C. § 1332(d)(11)(A).

---

[3]      Pub. L. No. 109-2, 119 Stat. 4 (2005).

7.      This extension is, however, "fairly narrow." <u>Tanoh v. Dow Chem. Co.</u>, 561 F.3d

945, 953 (9th Cir. 2009).  The statute limits the definition of "mass action" to: "any civil action

… in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the

ground that the plaintiffs' claims involve common questions of law or fact …." 28 U.S.C. §

1332(d)(11)(B)(i).  Notably, the "mass action" provisions "do not permit a defendant to remove

to federal court separate state court actions, each involving the monetary claims of fewer than

one hundred plaintiffs." <u>Tanoh</u>, 561 F.3d at 953; <u>see also</u> <u>Abrahamsen v. ConocoPhillips, Co.</u>,

No. 12-1199, 2012 WL 5359530, at *2 (3d Cir. Nov. 1, 2012) ("Despite the similarities of their

claims, Plaintiffs did not propose to try their claims jointly.  Because each suit includes fewer

than one hundred persons, none of Plaintiffs' four suits meets CAFA's definition of a 'mass

action' and therefore no suit qualifies for removal jurisdiction."); <u>Anderson v. Bayer Corp.</u>, 610

F.3d 390, 393 (7th Cir. 2010) ("The instant cases contain fewer than 100 plaintiffs and thus are

not removable under the plain language of the statute.").

8.      This case does not qualify as a "mass action" because it involves the claims for

monetary relief of only a single plaintiff — not even close to the "monetary relief claims of 100

or more persons" specifically required.  28 U.S.C. § 1332(d)(11)(B)(i); <u>Anglin v. Bristol-Myers</u>

<u>Squibb Co.</u>, No. 12 60 GPM, 2012 WL 1268143, at *2 (S.D. Ill. April 13, 2012) ("The glaring

defect in the removing Defendants' theory of CAFA jurisdiction in this case is that the case

contains only sixty-seven Plaintiffs, short of the 100 plaintiffs required for the exercise of

diversity jurisdiction over a mass action.").  The Complaint names only one Plaintiff and does

not contain any class allegations.  Furthermore, the Plaintiff has not proposed to have any of her

claims tried jointly with those of any other plaintiff.  Pursuant to the unambiguous text of the

statute, NECC cannot remove this case as a "mass action." <u>See, e.g.</u>, <u>Tanoh</u>, 561 F.3d at 953

(holding that the "plain terms" of § 1332(d)(11) do not permit removal of a state court action with less than 100 plaintiffs)[4]; Hammonds v. Monsanto Co., No. 4:11 CV 1660 DDN, 2011 WL 5554529, at *1, 3 (E.D. Mo. Nov. 15, 2011) (remanding case that "involve[d] the claims of only one person" because "the plain language of CAFA … restricts 'mass actions' to suits involving 100 or more plaintiffs."); Ledford v. Boeing Co., No. 10 C 06613, 2010 WL 4638409, at *2 (N.D. Ill. Nov. 5, 2010) (remanding case that "involve[d] only one plaintiff" even though hundreds of separate, similar suits had been filed against same defendant).

9.      Despite the clear language of the statute, NECC makes two futile arguments in support of removal.  First, NECC argues that the Plaintiff's request for a receiver, which would collaterally benefit of all of NECC's creditors, involves the claims of at least 100 individuals. *Amended Notice of Removal*, ¶ 14.  This assertion flatly contradicts the statutory language.

10.      As an initial matter, the request for a receiver was filed by a single person, not "100 or more" as required.  See, e.g., Tanoh, 561 F.3d at 953.  Even though other claimants may collaterally benefit from a receivership and may support this application, the Plaintiff has not brought any claims on behalf of others and has not proposed to have the claims of other plaintiffs tried as part of this lawsuit.

11.      Furthermore, the statute expressly limits "mass actions" to those involving 100 or more persons making "monetary relief claims," not claims for an equitable remedy.  See 28 U.S.C. 1332(d)(11).  "By its plain language, [§ 1332(d)(11)(B)(i)] limits mass actions to suits seeking monetary relief and does not extend to actions seeking solely equitable or declaratory relief." Kitazato v. Black Diamond Hospitality Invs., LLC, No. CV-09-00271 DAE-LEK, 2009

---

[4]      Even though the court in Tanoh found the statutory language to unambiguously prohibit removal of a case with fewer than 100 plaintiffs as a "mass action," the court nevertheless thoroughly analyzed the legislative history of the statute and case law in response to the defendant's arguments and reached the same conclusion. Tanoh, 561 F.3d at 953-56.

WL 3824851, at *5 (D. Haw. Nov. 13, 2009); see also Lowery v. Alabama Power Co., 483 F.3d

1184, 1202 n.45 (11th Cir. 2007) ("This provision also appears to limit mass actions to suits

seeking monetary relief. The definition, therefore, does not extend to actions seeking solely

equitable relief."). Although the Plaintiff in this case is seeking monetary relief, she does so only

on her own behalf. Even NECC has not contended that the Plaintiff's monetary relief claims are

on behalf of at least 100 individuals; instead, NECC's arguments focus on the Plaintiff's

equitable request for a receiver. See Amended Notice of Removal, ¶ 14.

      12.     The appointment of a receiver is, however, not a claim for monetary relief; it is an

interim equitable remedy used to marshal and secure the assets of a defendant pending the

outcome of litigation. Charlette v. Charlette Bros. Foundry, Inc., 59 Mass. App. Ct. 34, 45-46

(2003) (explaining that a "receivership is an equitable remedy" and "a prophylactic measure to

protect assets"); Am. Bridge Prods., Inc. v. Decoulas (In re Am. Bridge Prods., Inc.), 328 B.R.

274, 330 & n.315 (Bankr. D. Mass. 2005) ("The appointment of a receiver is in itself an

administrative order because its purpose is to preserve the property in litigation rather than to

determine the rights or interests in the property ... and is not a final order" (quoting 1 Ralph

Ewing Clark, A Treatise on the Law and Practice of Receivers, § § 122.1 at 177 (3d ed.1959))).

A receivership is merely ancillary substantive claims and does not provide a plaintiff with any

monetary relief. Charlette, 59 Mass. App. Ct. at 45 ("The appointment of a receiver is incidental

to other relief requested by a plaintiff."). Thus, even if the Plaintiff had brought the claim for a

receiver on behalf of herself and at least 99 others, which she did not, the claim for a receiver

cannot qualify this case as a "mass action."

      13.     NECC's second argument for removal is just as frivolous as its first. NECC also

cites to the fact that the Plaintiff's attorneys represent hundreds of other individuals harmed by

NECC who plan to separately bring suit to recover their damages. But this fact does not provide a basis for removal as a "mass action" because the claims of these other potential plaintiffs have not even been filed, let alone joined with this case for trial. Hampton v. Monsanto Co., No. 4:11 CV 1662 DEJ, 2011 WL 5307835, at *2-3 (E.D. Mo. Nov. 3, 2011) (the fact that plaintiffs' counsel filed separate but similar lawsuits on behalf of over 100 individuals is "irrelevant" to determining "mass action" jurisdiction).

14.     Other potential plaintiffs are free to bring separate lawsuits and unless and until the claims of at least 99 other plaintiffs are joined with this case for trial, this case is not a "mass action." Anderson, 610 F.3d at 394 ("So long as plaintiffs … do not propose to try these cases jointly in state court, they do not constitute a mass action removable to federal court."). NECC's suggestion otherwise is wholly unsupported.

15.     Courts of Appeals that have addressed similar claims have uniformly held that a case cannot qualify as a "mass action" if it does not include claims of at least 100 plaintiffs, even if hundreds of other plaintiffs have brought similar or identical claims in separate lawsuits. Abrahamsen, 2012 WL 5359530, at *2 (finding no "mass action" jurisdiction when a total of 123 individuals brought four separate suits against a defendant and the suit before the court had less than 100 plaintiffs); Anderson, 610 F.3d at 392-93 (holding that "mass action" provisions did not apply to cases involving a total of 396 plaintiffs who filed four separate but "mostly identical complaints in state court," each with less than 100 plaintiffs); Tanoh, 561 F.3d at 953 (finding no "mass action" removal jurisdiction in case in which 664 individuals filed seven separate suits, each with fewer than one hundred plaintiffs).[5]

---

[5]     In support of its arguments, NECC cites Coll. Of Dental Surgeons Of Puerto Rico v. Connecticut Gen. Life Ins. Co., 585 F.3d 33, 40 (1st Cir. 2009), in which the First Circuit permitted a defendant to remove a case as a class action because the complaint sufficiently stated class action claims, but did not define the putative class. Id. at 39. Dental Surgeons is inapposite to the case at bar because in that case, "the

16.     Moreover, § 1332(d)(11)(B)(ii)(II) expressly prohibits removal of actions consolidated by a Defendant and so NECC cannot consolidate separate state court actions in order to create a "mass action." See 28 U.S.C. § 1332(d)(11(B)(ii)(II) ("[t]he term 'mass action' shall not include any civil action in which … the claims are joined upon motion of a defendant"); Tanoh, 561 F.3d at 953 ("Congress anticipated, in other words, that defendants like Dow might attempt to consolidate several smaller state court actions into one 'mass action,' and specifically directed that such a consolidated action was *not* a mass action eligible for removal….") (emphasis in original). NECC's "argument that these separate lawsuits be treated as one action is tantamount to a request to consolidate them—a request that Congress has explicitly stated cannot become a basis for removal as a mass action." Anderson, 610 F.3d at 393-94. The claims of other plaintiffs, brought in separate lawsuits, therefore cannot serve as a basis for removal in this case.

17.     The defendant indisputably carries the burden to establish that removal is proper, Pharm. Indus., 457 F. Supp. 2d at 70, and NECC has utterly failed to meet it. This Court should not permit NECC to delay the state court proceedings any longer. Accordingly, the Plaintiff respectfully requests that this Court deny NECC's request for leave to amend its Notice of Removal and remand the case back to the Superior Court for further proceedings.

---

complaint plainly invoked Puerto Rico's class action rules and contained allegations of harm to the 'members of the class.'" Id. at 40 (internal citations omitted). The case before the Court contains no similar allegations and does not purport to bring claims on behalf of a class. Nor does it seek relief for harm done by NECC to anyone but the Plaintiff. Moreover, the court in Dental Surgeons did not examine the "mass action" provisions of 1332(d). NECC has not argued that this is a removable class action; it has claimed only that this case is a "mass action" under 1332(d)(11). See *Amended Notice of Removal*, ¶ 6. Dental Surgeons therefore does not apply to the claims in this case.

WHEREFORE, Plaintiff respectfully requests that this Court remand this action back to the Superior Court of Middlesex County, Commonwealth of Massachusetts.

Respectfully submitted,

KATHLEEN GUZMAN

By her attorneys,


*/s/*James W. Stoll_____
William R. Baldiga (BBO #542125)
wbaldiga@brownrudnick.com
James W. Stoll (BBO #544136)
jstoll@brownrudnick.com
BROWN RUDNICK LLP
One Financial Center
Boston, MA  02111
(617) 856-8200

David J. Molton
dmolton@brownrudnick.com
BROWN RUDNICK LLP
Seven Times Square
New York, NY  10036
(212) 209-4800

and

ANDREWS & THORNTON
Anne Andrews
aa@andrewsthornton.com
John Thornton
jct@andrewsthornton.com
2 Corporate Park, Suite 110
Irvine, CA  92606
(949) 748-1000

Dated:  December 18, 2012

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Pursuant to Local Rule 7.1(A)(2), I, James W. Stoll, certify that Plaintiff's counsel has conferred with Defendant's counsel regarding the issues raised herein.

*/s/*James W. Stoll

James w. Stoll

Dated:  December 18, 2012

## CERTIFICATE OF SERVICE

I, James W. Stoll, hereby certify that a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent to all parties below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/*James W. Stoll

James w. Stoll

Dated:  December 18, 2012

60938638.1