UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KATHLEEN GUZMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO: 1:12-cv-12052-FDS |
| NEW ENGLAND COMPOUNDING | ) |
| PHARMACY, INC. d/b/a | ) |
| NEW ENGLAND COMPOUNDING | ) |
| CENTER, | ) |
| | ) |
| Defendant. | ) |

**AMENDED NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and L.R. 81.1, Defendant hereby removes the above-entitled action to this Court based upon the following supporting grounds. Defendant, appearing solely for the purpose of this removal and for no other purpose, and preserving all other defenses available to it, states as follows:

1. On or about November 19, 2012, an action (the "Complaint") was filed in the Trial Court for the Commonwealth of Massachusetts, Middlesex Superior Court Department, captioned *Kathleen Guzman v. New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center*, Civil Action No. 12-4523.

2. Service of process was completed upon defendant on or about November 30, 2012.

3. A copy of the Complaint and all other process, pleadings and orders received by Defendant are attached as Exhibit A.


4.    Removal is timely under 28 U.S.C. § 1446(b), as fewer than 30 days have elapsed since the date of filing.

5.    Plaintiff is a citizen of the state of New Jersey.  (Compl. ¶ 1).  NECC is a Massachusetts corporation.  The Complaint does not allege that Plaintiff is a resident of Massachusetts, nor does it allege any connection to the state.

6.    Removal of this action to this Court is permissible under the provisions of 28 U.S.C. § 1332(d) as it is a "mass action" as defined in that section.

7.    Under the Class Action Fairness Act ("CAFA"), actions not specifically designated as class actions, but meeting certain other requirements, are designated "mass actions."  Section 1332(d)(11) provides that such an action may be deemed a class action for the purpose of establishing removal jurisdiction in this Court:

> (A) For purposes of this subsection and section 1453 [28 USCS § 1453], a mass action shall be deemed to be a class action removable under paragraphs (2) through (10) if it otherwise meets the provisions of those paragraphs.
>
> (B) (i) As used in subparagraph (A), the term "mass action" means any civil action (except a civil action within the scope of section 1711(2) [28 USCS § 1711(2)]) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under subsection (a).

8.    The statute additionally sets forth several exceptions, none of which are applicable.

9.    While defendant properly has the burden to demonstrate removability of any action, the First Circuit has held that, at least with respect to the amount in controversy, defendants must show a reasonable probability that the threshold will be reached. *Amoche v. Guar. Trust Life Ins. Co.,* 556 F.3d 41, 48 (1st Cir. 2009).  In *Amoche*, the First Circuit held that, "at least where the complaint does not contain specific damage allegations, the removing

34310790v1 0940062

defendant must show a *reasonable probability* that the amount in controversy exceeds" the jurisdictional minimum, there $5 million dollars. *Id*. (emphasis added).  This standard of reasonable probability is applicable to all elements of a removal standard.  *Youtsey v. Avibank Mftg., Inc*., 734 F. Supp. 2d 230, 236 (D. Mass. 2010) ("In the court's view, every reason the First Circuit used in *Amoche* in arriving at the 'reasonable probability' standard in the context of CAFA applies equally as well here.")

10.   Furthermore, district courts have been cautioned against hastily remanding actions.  In *College of Dental Surgeons of Puerto Rico v. Connecticut Gen. Life Ins. Co.,* 585 F.3d 33 (1st Cir. 2009), the question before the court was whether removal jurisdiction may attach even though the complaint did not specifically define a proposed class.  The First Circuit overturned the district court's order to remand the case saying the district court acted prematurely in determining it lacked jurisdiction and that it was too early to determine whether plaintiffs would be certified as a class, since certification is a question for the district court to decide at the class certification stage.

11.   In support of its decision, the Court of Appeals placed great weight on the class-type language used in the complaint, finding that it "alleges claims for class-wide relief; it consistently alleges harm to the dentists as a professional group; it describes the College as representing the "dentistry class" in Puerto Rico; it states that its allegations are similar to those made in a class action pending . . .; and it seeks class wide relief." *Id*. at 40.

12.   As demonstrated below, a reasonable probability exists that the elements of a mass action under the CAFA statute are satisfied in this matter.

13.   Designation as a mass action thus entails certain defined requirements:

> Under the terms of the statute, a mass action is defined as a civil action in which (1) monetary relief claims of (2) 100 or more persons (3) are

3

proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact and (4) include an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(d)(11)(B)(i).

*Mississippi v. AU Optronics Corp.*, No. 12-60704 at *3 (5th Cir. Nov. 21, 2012).

14. As alleged in the Complaint, defendant, NECC was a compounding pharmacy in the Commonwealth of Massachusetts.  (Compl. ¶¶ 6, 8, 12).  The named plaintiff in this action, Kathleen Guzman, seeks monetary and other relief on her own behalf and, on behalf of an apparent class of others, including the extraordinary remedy of appointing a receiver "for the benefit of all tort victims and creditors of NECC."  (Compl. at 2). Plaintiff asserts that "appointment of a receiver is necessary to, among other things, protect and preserve the assets and property of NECC from dissipation."  (Compl. ¶ 50).

- "A receiver is required to prevent additional hemorrhaging and preserve the assets for an eventual equitable distribution among NECC's creditors."  (Compl. ¶ 34).

- "NECC has insufficient assets and no new business to satisfy all of the claims that have been filed against it.  NECC has not filed for bankruptcy protection or otherwise taken any steps to preserve its assets, and thus, a receiver is necessary to protect and preserve NECC's assets for an eventual equitable distribution among all of NECC's creditors."  (Compl. ¶ 52).

- "Hundreds of other individuals may have similar claims against NECC based on receiving injections of the MPS compounded [and] disseminated by NECC.  Numerous individual lawsuits have been filed in this state and throughout the country."  (Compl. ¶ 54).

15. It is beyond question that Ms. Guzman, and her attorneys, seek relief on behalf of a large number of individual "tort victims and creditors" – effectively, a class – while avoiding

4

the procedural requirements and hurdles of a formal class action. It is also beyond question that the class of "tort victims and creditors" in whose interest they act presently number well over one hundred.

16. In both the Complaint and accompanying affidavits, in class-like descriptions, the Court is alerted to the claims and amounts in controversy of the hundreds of plaintiffs in whose interest Ms. Guzman, and her attorneys, act:

- "Dozens of lawsuits have been brought against NECC in courts throughout the country and hundreds more are expected." (Compl. at 2);

- "I have been retained by two hundred individuals who were administered tainted MPA supplied by NECC . . . ." (Nov. 18, 2012 Affidavit of Anne Andrews in Support of Plaintiff's *Ex Parte* Motion for Appointment of a Receiver, at ¶ 8);

- "I represent six [6] individuals, estate and family members of those who were administered [MPA] supplied by [NECC] . . . ." (Nov. 19, 2012 Affidavit of Kim Yozgat in Support of Plaintiff's *Ex Parte* Motion for Appointment of a Receiver, at ¶ 2);

- "I represent thirty-three (33) individuals, estate and family members of those who were administered [MPA] supplied by [NECC] . . . ." (Nov. 19, 2012 Affidavit of Melvin B. Wright in Support of Plaintiff's *Ex Parte* Motion for Appointment of a Receiver, at ¶ 2); and

- "The Law Offices of Peter G. Angelos, P.C. represents 33 individuals and family members of those who were administered [MPA] supplied by [NECC] . . . ." (Nov. 19, 2012 Affidavit of Patricia J. Kasputys in Support of Plaintiff's *Ex Parte* Motion for Appointment of a Receiver, at ¶ 2);

- "In my professional judgment, the damages from these tort claims are likely to exceed tens of millions of dollars." (Nov. 18, 2012 Affidavit of Anne Andrews in Support of Plaintiff's Ex Parte Motion for Appointment of a Receiver, at ¶ 10); and

- Plaintiff Erkan sought to attach property of NECC in the amount of $461 million. (Nov. 19, 2012 Affidavit of James W. Stoll in Support of Plaintiff's Ex Parte Motion for Appointment of a Receiver, at ¶ 7).

17. Accordingly, this Court has jurisdiction over this civil action based upon 28 U.S.C. § 1332.

18. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Plaintiff and will be filed with the Clerk of Courts for the Commonwealth of Massachusetts, Middlesex Superior Court, following the filing of this Notice.

WHEREFORE, Defendant respectfully requests that the action now pending against it in the Middlesex Superior Court for the Commonwealth of Massachusetts be removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

Defendant New England Compounding Pharmacy, Inc.

By its Attorneys,

　　/s/Geoffrey M. Coan
Geoffrey M. Coan, BBO # 641998
Daniel E. Tranen, BBO # 675240
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109-1775

Date:   December 18, 2012       Tel: (617)213-7000 / Fax: (617)213-7001

## **CERTIFICATE OF SERVICE**

I, Daniel Tranen, hereby certify that on this 18th day of December, 2012, the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and I served a true and accurate copy of the foregoing document to counsel of record via first class mail as follows:

William R. Baldiga
James W. Stoll
Brown Rudnick LLP
One Financial Center
Boston, MA 02111

David J. Molton (*pro hac vice*)
Brown Rudnick LLP
Seven Times Square
New York, NY 10036

Anne Andrews
John Thornton
Andrews & Thornton
2 Corporate Park, Suite 110
Irvine, CA 92606

> */s/ Geoffrey M. Coan*
> Geoffrey M. Coan